UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

Lacreasha D. Carpenter,

                              Plaintiff,

        v.

Commissioner of Social Security,

                              Defendant.

**Decision and Order**

18-CV-1261 HBS
(Consent)

---

## I. INTRODUCTION

The parties have consented to this Court's jurisdiction under 28 U.S.C. § 636(c). The Court has reviewed the Certified Administrative Record in this case (Dkt. No. 7, pages hereafter cited in brackets), and familiarity is presumed. This case comes before the Court on cross-motions for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. (Dkt. Nos. 10, 13.) In short, plaintiff is challenging the final decision of the Commissioner of Social Security (the "Commissioner") that she was not entitled to Supplemental Security Income under Title XVI of the Social Security Act. The Court has deemed the motions submitted on papers under Rule 78(b).

## II. DISCUSSION

"The scope of review of a disability determination . . . involves two levels of inquiry. We must first decide whether HHS applied the correct legal principles in making the determination. We must then decide whether the determination is supported by substantial evidence." *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987) (internal quotation marks and citations omitted). When a district court reviews a denial of benefits, the Commissioner's findings as to any fact, if supported by substantial evidence, shall be conclusive. 42 U.S.C. § 405(g). Substantial evidence is defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as

adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Tejada v. Apfel*, 167 F.3d 770, 773-74 (2d Cir. 1999).

The substantial evidence standard applies to both findings on basic evidentiary facts, and to inferences and conclusions drawn from the facts. *Stupakevich v. Chater*, 907 F. Supp. 632, 637 (E.D.N.Y. 1995); *Smith v. Shalala*, 856 F. Supp. 118, 121 (E.D.N.Y. 1994). When reviewing a Commissioner's decision, the court must determine whether "the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached" by the Commissioner. *Winkelsas v. Apfel*, No. 99-CV-0098H, 2000 WL 575513, at *2 (W.D.N.Y. Feb. 14, 2000). In assessing the substantiality of evidence, the Court must consider evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Briggs v. Callahan*, 139 F.3d 606, 608 (8th Cir. 1998). The Court may not reverse the Commissioner merely because substantial evidence would have supported the opposite conclusion. *Id.* "The substantial evidence standard means once an ALJ finds facts, we can reject those facts only if a reasonable factfinder would *have to conclude otherwise.*" *Brault v. Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (internal quotation marks and citations omitted).

For purposes of Social Security disability insurance benefits, a person is disabled when unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) & 1382c(a)(3)(A).

Such a disability will be found to exist only if an individual's "physical or mental impairment or impairments are of such severity that [he or she] is not only unable to do [his or her] previous

2

work but cannot, considering [his or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . . ." 42 U.S.C. §§ 423(d)(2)(A) & 1382c(a)(3)(B).

Plaintiff bears the initial burden of showing that the claimed impairments will prevent a return to any previous type of employment. *Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982). Once this burden has been met, "the burden shifts to the [Commissioner] to prove the existence of alternative substantial gainful work which exists in the national economy and which the plaintiff could perform." *Id.*; *see also Dumas v. Schweiker*, 712 F.2d 1545, 1551 (2d Cir. 1983); *Parker v. Harris*, 626 F.2d 225, 231 (2d Cir. 1980).

To determine whether any plaintiff is suffering from a disability, the Administrative Law Judge ("ALJ") must employ a five-step inquiry:

(1) whether the plaintiff is currently working;

(2) whether the plaintiff suffers from a severe impairment;

(3) whether the impairment is listed in Appendix 1 of the relevant regulations;

(4) whether the impairment prevents the plaintiff from continuing past relevant work; and

(5) whether the impairment prevents the plaintiff from continuing past relevant work; and whether the impairment prevents the plaintiff from doing any kind of work.

20 C.F.R. §§ 404.1520 & 416.920; *Berry*, *supra*, 675 F.2d at 467. If a plaintiff is found to be either disabled or not disabled at any step in this sequential inquiry then the ALJ's review ends. 20 C.F.R. §§ 404.1520(a) & 416.920(a); *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). However, the ALJ has an affirmative duty to develop the record. *Gold v. Secretary*, 463 F.2d 38, 43 (2d Cir. 1972).

To determine whether an admitted impairment prevents a plaintiff from performing past work, the ALJ is required to review the plaintiff's residual functional capacity ("RFC") and the

3

physical and mental demands of the work done in the past. 20 C.F.R. §§ 404.1520(e) & 416.920(e). The ALJ must then determine the individual's ability to return to past relevant work given the RFC. *Washington v. Shalala*, 37 F.3d 1437, 1442 (10th Cir. 1994).

Of the various issues that plaintiff has raised, the one that draws the Court's immediate attention concerns the development of the record. Plaintiff has had various psychiatric episodes since her teenage years. [284.] Plaintiff has had at least two suicide attempts: one at age 14 by overdose, and one on April 12, 2014 when "she tried to hang herself with the seatbelt of a police car." [222.] *Cf. Crawley v. Berryhill*, No. 1:16-CV-00271 (MAT), 2018 WL 2354984, at *3 (W.D.N.Y. May 24, 2018) ("The absence of any evaluation of Plaintiff's mental health following his August 2013 suicide attempt created an evidentiary gap in the record that the ALJ was required to fill."). The 2014 suicide attempt appeared to be related to alcohol intoxication and cocaine use. [225, 226.] Plaintiff has had numerous other instances of alcohol intoxication, cannabis use, and cocaine use. [*E.g.*, 283, 294, 303, 351, 372, 385.] The ALJ acknowledged polysubstance abuse as a severe impairment along with bipolar disorder, mixed generalized anxiety disorder, and borderline personality disorder. [20.] Developing a full record here was particularly important, both to assess plaintiff's cognitive and behavioral abilities and to determine fully the impact of substance abuse on any potential disability that plaintiff had. *See* 42 U.S.C. § 1382c(a)(3)(J) ("Notwithstanding subparagraph (A), an individual shall not be considered to be disabled for purposes of this subchapter if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled."); 20 C.F.R. § 416.935(b) (process for separating medical evidence of drug addiction or alcoholism from disability). Nonetheless, the ALJ acknowledged a failure to obtain the records from one psychiatrist, even if the records covered only one office visit. [18.] *Cf. Parker v. Colvin*, No. 3:13-CV-1398 CSH,

4

2015 WL 928299, at *13 (D. Conn. Mar. 4, 2015) (remand for further consideration of a "medical record [that] includes her history of suicide attempt/suicidal ideation"). "In making any determination the Commissioner of Social Security shall make every reasonable effort to obtain from the individual's treating physician (or other treating health care provider) all medical evidence, including diagnostic tests, necessary in order to properly make such determination, prior to evaluating medical evidence obtained from any other source on a consultative basis." 42 U.S.C. § 423(d)(5)(B). "Every reasonable effort means that we will make an initial request for evidence from your medical source or entity that maintains your medical source's evidence, and, at any time between 10 and 20 calendar days after the initial request, if the evidence has not been received, we will make one follow-up request to obtain the medical evidence necessary to make a determination." 20 C.F.R. § 416.912(b)(1)(i). In contrast, the ALJ's decision on its face indicates that not even an initial request for the psychiatrist records was made; the ALJ simply acted after plaintiff's counsel did not follow up on a volunteer pledge to provide the records. [18.]

Additionally, the Commissioner saw the need to obtain the opinion of a state agency medical consultant, but when plaintiff did not fill out paperwork pertaining to activities of daily living, the Commissioner simply did not pursue a consultative opinion further. [26.] While there is no *per se* requirement for a medical source statement in every instance, *see Swiantek v. Comm'r*, 588 F. App'x 82, 84 (2d Cir. 2015) (summary order), a medical source statement from either a consultative psychiatrist or psychologist, or perhaps one of the treatment providers, would have been helpful here. *Cf. Beller v. Astrue*, No. 12 CV 5112 VB, 2013 WL 2452168, at *18 (S.D.N.Y. June 5, 2013) (remand for further assessments from treating sources). A more fully developed record would help the Commissioner and the Court assess how to reconcile a significant psychiatric history against 2016 notes from one of plaintiff's treatment providers that plaintiff had goal-directed thought processes

5

with fair insight and judgment. [351, 397.]  *Cf. Burgess v. Colvin*, No. 15-5142, 2016 WL 6405826, at *4 (W.D. Ark. Oct. 27, 2016) (remand needed to obtain mental evaluation and mental RFC assessment in context of suicidal / homicidal behavior and alcohol dependence); *Brown v. Barnhart*, 285 F. Supp. 2d 919, 934 (S.D. Tex. 2003) (remand required to consider new evidence of post-hearing suicide attempt and subsequent hospitalization).

In ordering remand, the Court takes no position as to how the Commissioner should assess additional records or weigh any opinions about plaintiff's psychiatric conditions or substance abuse; nor does the Court take any position on the ultimate issue of disability.  The Court also declines to address any of the other issues that the parties have raised.  Upon remand, the Commissioner is free to revisit those issues as might be appropriate.

**III.  CONCLUSION**

For the above reasons, the Court denies the Commissioner's motion (Dkt. No. 13).  The Court grants plaintiff's cross-motion (Dkt. No. 10) in part to vacate the Commissioner's final decision and to remand the matter for further proceedings consistent with this Decision and Order.  The Court denies plaintiff's cross-motion to the extent that it seeks any other relief.

The Clerk of the Court is directed to close the case.

SO ORDERED.

                __/s Hugh B. Scott_____
                Hon. Hugh B. Scott
                United States Magistrate Judge

DATED: March 13, 2020